OPINION
{¶ 1} Defendant-appellant Keith D. Greenwood, pro se, appeals a decision of the Montgomery County Court of Common Pleas which overruled his motion for new trial. Greenwood filed a memorandum in support of his motion for a new trial on June 28, 2006. In a written decision and entry filed on June 30, 2006, the trial court overruled Greenwood's motion. *Page 2 
Greenwood filed a timely notice of appeal with this Court on July 26, 2006.
 I {¶ 2} We set forth the history of the case in State v. Greenwood (May 28, 2004), Montgomery App. No. 19820, 2004-Ohio-2737 (hereinafter"Greenwood I "), and now repeat it herein in pertinent part:
 {¶ 3} "While on patrol with his K-9 dog, Kain, Clayton Police Officer Brandon Combs observed Greenwood run a red light. Combs then followed Greenwood and noticed a marked-lanes violation. As a result, he reported Greenwood's license plate number to the dispatcher and initiated a traffic stop. Upon approaching the stopped vehicle, Combs noted that Greenwood's hands were shaking, he was short of breath, and he avoided eye contact. Greenwood also fumbled nervously through his paperwork and dropped a proof-of-insurance document.
 {¶ 4} "Greenwood informed Combs that he was traveling from Arizona to visit a cousin because there had been a death in the family. He added that he did not know exactly where he was going but knew that he was close. As he interacted with Greenwood, Combs noticed marijuana leaves and seeds on the front passenger seat and floorboard. While awaiting information from the dispatcher, Combs had Kain perform a drug sniff on the stopped vehicle. Kain alerted on the trunk and on the passenger side near where Combs had observed the marijuana. Combs then opened the trunk and found a large quantity of crack cocaine and approximately $5,000 inside a suitcase.
 {¶ 5} "Greenwood subsequently was indicted on one count of possessing more than one-hundred grams of crack cocaine with a major-drug-offender specification. He *Page 3 
filed an unsuccessful motion to suppress, and the matter proceeded to trial before a jury on February 3-4, 2003. After the jury found Greenwood guilty, the trial court imposed a mandatory ten-year prison sentence."
 {¶ 6} Greenwood appealed, and we affirmed his conviction and sentence in Greenwood I. Greenwood filed an application for reopening pursuant to App. R. 26(B), asserting ineffective assistance of appellate counsel. We denied his application, and Greenwood appealed our decision to the Supreme Court of Ohio, who subsequently dismissed the appeal as not involving a substantial constitutional question. Greenwood then filed a motion for delayed appeal of our decision in Greenwood I with the Supreme Court of Ohio on February 16, 2006. The Supreme Court overruled Greenwood's motion on March 29, 2006.
 {¶ 7} As previously stated, Greenwood filed his motion for new trial on June 28, 2006, and the trial court overruled said motion two days later on June, 30, 2006. It is from this judgment that Greenwood now appeals.
 II {¶ 8} Greenwood's sole assignment of error is as follows:
 {¶ 9} "THE TRIAL COURT ABUSED ITS DESCRETION [sic] WHEN IT FAILED TO RECOGNIZE THAT THE DEFENDANT'S DUE PROCESS RIGHTS AND CONSTITUTIONAL RIGHTS WERE VIOLATED THROUGH PROSECUTORIAL MISCONDUCT, A VIOLATION OF CRIMINAL RULE 16(B), A BRADY VIOLATION, A VIOLATION OF FUNDAMENTAL FAIRNESS, AND PLAIN ERROR."
 {¶ 10} In his sole assignment, Greenwood contends that the trial court abused its discretion when it overruled his motion for new trial in which he asserted *Page 4 
prosecutorial misconduct by the State when it allegedly failed to turn over a Clayton Police Department Incident Report detailing his initial traffic stop and subsequent arrest.
 {¶ 11} Crim. R. 33(A) states in pertinent part:
 {¶ 12} "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 {¶ 13} "(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"
 {¶ 14} Crim. R. 33(B) further states:
 {¶ 15} "* * * Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
 {¶ 16} A motion for new trial pursuant to Crim. R. 33(B) is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990),55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, *Page 5 
450 N.E.2d 1140.
 {¶ 17} Initially, we must note that Greenwood's trial counsel filed a comprehensive discovery request in which he requested to "inspect and copy or photograph any * * * reports, and all other evidence to which the Defendant may be entitled under Criminal Rule 16(B)(1)(d)." Mot. for Discovery, p. 2, June 11, 2002. Additionally, the record establishes that Greenwood's attorney signed a receipt acknowledging procurement of the State's discovery packet on May 20, 2002. As the trial court stated in its decision and entry overruling Greenwood's motion for new trial, pursuant to Montgomery County Local Rule 3.03(I)(D)(d), the incident report would have been part of the discovery packet provided to Greenwood and his attorney. The rule states in pertinent part:
 {¶ 18} "(d) An information packet shall be delivered to the defendant's counsel upon the execution of a Demand and Receipt for the information packet. The information packet shall contain:
 {¶ 19} "(1) All police reports including the defendant's prior criminal record; * * *"
 {¶ 20} Other than his bare assertion, Greenwood fails to provide any evidence that the Clayton Police Department Incident Report was not included in the State's discovery materials. More importantly, Greenwood does not even attempt to provide any evidence that clearly and convincingly demonstrates that he was prevented from or otherwise unable to procure the incident report within one hundred twenty (120) days of his guilty verdict. In light of Greenwood's omission in this regard, we hold that the trial court did not abuse its discretion when it overruled his motion for a new trial.
 {¶ 21} Greenwood's sole assignment of error is overruled. *Page 6 
 III {¶ 22} Greenwood's sole assignment of error having been overruled, the judgment of the trial court is affirmed.
 FAIN, J. and GRADY, J., concur. *Page 1